UTICA,
Aug. 1824.

Jackson
v.
Gale.

*Rep.* 68) the only question was, whether the Circuit Judge has the power to poll the jury. His power was established by that case, but it is a matter of discretion with him. An unqualified right to poll the jury, by a party who has had every chance to tamper with them, might lead to the greatest abuse. In *Blackley* v. *Sheldon*, (7 *John.* 32) it is said the jury may be examined by the poll, *if the Court please ;* and again, " If the verdict be delivered in wr'ting, as it was here, the Justice had a right to permit the verdict to be taken by the poll."

WOODWORTH, J. Conceding that the Judge may order the jury polled, seems to give the party a right to insist on it. I think this cannot be a matter of mere discretion. It has been the uniform practice at the Circuit, as far as I have been acquainted with it, to allow the jury to be polled, whether the verdict be sealed, as here, by consent, or delivered *ore tenus* by the foreman.

*Curia.* We think the jury may be polled, at the instance of either party, at any time before the verdict is recorded, whether it be sealed, by consent, or is *oral.*

Motion granted.

---

## JACKSON, *ex dem.* PORTER and others, *against* GALE.

On re-taxation of costs in ejectment, and case made for argument, the following items allowed : Serving narr. Rule for remanet—atty's fee on argument for each term at which noticed—dr. judgt. record, fol. 4, and same in N. P. record—fi. fa. for costs—fee on serving writ of possession. Motion and rule for argument disallowed.

THE plaintiff having recovered in ejectment, on verdict and a case made and argued, the commissioner had taxed the following, among other items, in the bill of costs :

| | |
|---|---|
| Serving *narr.* | $1,00 |
| Mo. and rule for argument, | 68½ |
| Rule for *remanet,* | 72½ |
| Atty's fee on argument, (*several terms,*) | 3,75 |
| Drawing judgment record, fol. 4, at 19, | 76 |

| | | |
|---|---|---|
| Sheriff's fees on serving writ of possession, with aid, &c. | 3,75 | |
| Fi. fa. for costs, | 1,32 | |

*J. C. Spencer*, for the defendant, moved for a re-taxation. He did this, he said, principally with a view to the attorney's fee on argument, which here amounted to a large sum, as the cause had been noticed for argument a great number of times, and an attorney's fee charged for each term. He insisted, that the attorney would be entitled to but one fee on argument, and this for the term at which the cause was, in fact, argued. The phrase providing for the allowance of this fee, differs from the one which allows a fee to counsel. The latter is, *attending prepared for argument*—the former is, *arguing*, &c. (2 *R. L.* 15, 16.)

*A. Samson*, contra.

*Curia.* It is reasonable that this fee should be allowed for each term at which the cause is noticed for argument. The attorney attends, whether he succeed in reaching the cause on the calendar or not. The other items are correct, with the exception of that for serving writ of possession, which must be reduced to $1,25, and motion and rule for argument, which must be stricken out. The only objection against the *fi. fa.* for costs is, that it might have been incorporated into the writ of possession. This is true, but the party may also elect to proceed with it separately. Though the 4 folios are drawn for the *nisi prius* record, yet it is necessary to make another draft when the judgment roll comes to be framed. It is no objection that a similar charge was allowed in the *nisi prius* record. They are distinct instruments.

*Samson.* The $3,75 were taxed by anticipation, on the ground that aid might be necessary in executing the writ of possession. It was thought that this should be placed at its highest, and a deduction made in the event of execution being executed in the ordinary way.

SAVAGE, Ch. J. We cannot anticipate resistance to the officer, so that aid will be necessary.

Rule accordingly.